Chief Justice Robertson
.'el vered the Opinion of the Court.
Judge Nicholas did not sit.
This writ of error is pro ecutedto reverse a judgment obtained by Wm. Adair, as relator, against Wm. W." Branham, administrator of W. Ban-ford, and against Wm. B. Branham, his surety in his omeial bond, in an action of debt, suggesting a devastavit.
On (he trial upon several issues, the circuit court instructed the jury, that the administrator was liable to the relator lor sundry articles appraised and sold as assets, hut which the plaintiffs in error seemed to suppose to be the property of the widow and children of the intestate, m virtue of the 1st sec. of an act of 1821. (1st Digt. 1538). This instruction was proper, because it appears that a contract made, prior to the enactment of that statute, was the foundation of the relator’s judgment. (See the 2d sec. of the same act.)
But the circuit court erred in instructing the jury that tiie administrator was not entitled to a credit for $3Í) for keeping a mare and colt — $15 paid by lijm for keeping a colt, and $10 paid by him to a lawyer, as a fee for appearing for him on a trial of the right of property claimed by another in the mare and colts; a.nl ill of which sums had been allowed as credits in his settlement with tne county court.
The mare (for keeping whith the allowance had been made) and another mare had been posted as strays by a IVeohol- er, hut for the benefit, as is a!ledged, of the intestate Sanford. When these mares came to the possession of the administrator, two years had not elapsed from tlie time of the posting. The administrator had, therefore, no legal right to sell them; nor could he ever have had a right to sell them as assets, without the assent of another, because, if the owners did not apply for them within two years, the law vested the title in the person who *191 posted them. But executions against the administrator were levied on one of the mares, and on the colts of botli of them as a-sets in his hands, and they were sold to satisfy those executions, in consequence of the verdict of a jury empanneiled to try the right of property, asserted against the administrator by the person who posted the dams. It was for the services of a lawyer in his behalf on that trial, that the administrator hud been allowed a credit for $10, which he paid as a fee. The horses should not be deemed to have been assets before they were subjected by the verdict to sale.
A feo paid by nn administrator to a law' er for defending the title of the administrator as snob,to properly, «'ill be deemed money necessarily expended in the coarse of administration, and the administrator allowed ere, dit for it.
G. Davis, for plaintiffs; Cunningham, for defendant.
Now it seems but just and reasonable that, as there is no proof shewing that the administrator had a right to sell the horses sooner or otherwise than they were sold, and as they were eventually appropriated to the extinguishment of judgments against his intestate, he should be allowed a reasonable compensation for keeping the mare and colt which he kept and sustained with his own means, and should also be allowed what he had paid for the keeping of the colt which he employed another person to keep for him. And it appears to be equally just that he should have a credit for a reasonable fee paid to the lawyer for successfully vindicating his claim to the stra¡ s, whereby debts equal in dignitv to that oftbe relator, had been partly or entirely extinguished. The fee thus paid.should be deemed so much money expended necessarily in the course of administration. The settlement with the county court is prima facie evidence of the reasonableness of the credits allowed by that tribunal; and there is no fact in this record tending to counteract, or impair the legal operation and effect of that settlement.
Wherefore, the circuit court erred in instructing the jury to disregard the allowances which had beeu made for the attorney’s fee, and for the keeping of the horses.
Judgment reversed, and cause remanded for a new trial.